**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LUIS ACOSTA SOTO,

        Petitioner,                        Case Number: 06-CV-12304

v.                                                HONORABLE AVERN COHN

J. TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Luis Acosta Soto (Petitioner) is a state inmate at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his conviction for second-degree criminal sexual conduct. Respondent, through the Attorney General's office, argues that Petitioner's claims are not cognizable on habeas review and/or without merit. For the reasons which follow, the petition will be denied.

### II. Background

On December 26, 2003, Petitioner pleaded no contest in Branch County Circuit Court to one charge of second-degree criminal sexual conduct. Petitioner pleaded no contest under a plea agreement which provided that (1) the original charges–two first-degree criminal sexual conduct charges–would be dismissed, (2) Petitioner's sentence would not be supplemented beyond a second offender status, and (3) the prosecutor would recommend a sentence between 10 and 22½ years.

Days after his plea, on December 30, 2003 and January 5, 2004, Petitioner sent letters to the trial court seeking to withdraw his plea on the grounds that he was pressured into pleading guilty. On January 12, 2004, Petitioner's counsel filed a motion to withdraw based on part on a dispute as to the veracity Petitioner's statements in the letters to the trial court regarding his plea. The trial court granted the motion to withdraw on January 16, 2004 and appointed another attorney to represent Petitioner.

On February 13, 2004, the trial court conducted a hearing on Petitioner's motion to withdraw. The trial court denied the motion, finding the plea was freely, understandingly, and voluntarily given. The trial court also sentenced Petitioner to 10 and 22½ years in accordance with the plea agreement.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. The trial court abused its discretion in denying defendant's motion to withdraw his plea prior to sentencing when defendant was pressured into pleading no contest and there was no prejudice to the prosecution if the plea was withdrawn.

II. This court should remand for re-sentencing when the trial court failed to state a substantial and compelling reason for exceeding the sentencing guidelines range and there was no finding beyond a reasonable doubt that defendant committed the offense as alleged.

The Michigan Court of Appeals denied leave to appeal in a one-sentence, standard order. People v. Soto, No. 257437 (Mich. Ct. App. Oct. 27, 2004).

Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Soto, No. 127466 (Mich. May 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents

the same claims raised in state court on direct review.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, a court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

"contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. Harris v. Stovall, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and

4

applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." Id.

## IV. Analysis

### A. Trial Court's Denial of Motion to Withdraw Plea

Petitioner argues that the trial court abused its discretion in denying his motion to withdraw the no contest plea. Petitioner argues that he satisfied the requirements set forth in Michigan Court Rule 6.310(B) for withdrawal of a plea and that the state court, therefore, abused its discretion in denying the motion. Petitioner is not entitled to relief on this ground because it well-established that a Court may not grant the writ of habeas corpus on the basis of a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984); *see also* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (holding that "'federal habeas corpus review does not lie for errors of state law'"). The alleged violation of a state court rule fails to state a claim upon which habeas relief may be granted. *See* Holtgreive v. Curtis, 174 F. Supp. 2d 572, 582-83 (E.D. Mich. 2001). Therefore, Petitioner's claim that the trial court violated Michigan Court Rule 6.310(B) is not cognizable on habeas corpus review.

Petitioner also claims that his plea was involuntary[2] because his attorney

---

[2]Although Petitioner did not make this discrete argument, pro se filings are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Under this

5

pressured him to enter the plea. To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. U.S., 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. Id. at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)).

---

standard, the Court construes the complaint to also assert a claim that the plea was involuntary as the result of undue pressure.

The last state court to issue a reasoned opinion regarding this claim was the trial court when it denied Petitioner's motion to withdraw his plea. The trial court conducted a hearing on the motion and reviewed the video record of Petitioner's plea. The trial court held that, although Petitioner stated at sentencing that he had received pressure from his attorney to enter a plea, the trial court subsequently explained to him all of his options and that it was Petitioner's decision whether to plead guilty. The trial court explained that, considering the plea hearing as a whole, and the trial court's explanation to Petitioner of his rights, Petitioner's plea was voluntarily, freely and knowingly entered. See Transcript of Motion to Withdraw Plea, 2/13/04, pp. 7-10.

As the trial court observed, during the plea colloquy, Petitioner expressed some reservations about entering a plea. The trial court, however, informed Petitioner, in a detailed fashion, of all of the rights he would be waiving by entering a plea. Petitioner responded that he understood each of those rights and was willing to waive them. The following exchange then occurred:

> Court: Do you understand that in order to plead no contest, you must waive, that is, give up all those rights. In other words, if you're not going to have a trial, you're giving up the rights which go along with that trial?
>
> Petitioner: Yeah. I'm just doin' it under protest, but.
>
> Court: No, you're not going to do it under protest. You're either going to do it or you're not.
>
> Petitioner: Yeah. O.K.
>
> Court: Now, you've heard the plea bargain. Your attorney indicates that you've accepted that and that you're going to plead no contest. Is that what you choose to do here today?
>
> Petitioner: Yes.

7

Tr., Plea Hearing, 12/26/03, pp. 6-7.

The trial court proceeded to review the terms of the plea agreement. Petitioner stated that he understood the terms of the plea agreement and that no promises were made to him other than those discussed on the record. Then, Petitioner again expressed some reservations about entering a plea. Because of the importance of the ensuing colloquy, the Court quotes it at length:

| | |
|---|---|
| Court: | Now, do you have any complaints as it may relate to your entering your plea in this case, about the way you've been treated by the police, the prosecutor or anyone else associated with this case? |
| Petitioner: | I feel like I've been pressured into it, but that's all right. |
| Counsel: | Your honor, I don't want him to think he's pressured into this. I [gave] him an opportunity to – that if he wants to try this case, I'll be more than happy to try it for him. This is his decision. I've gone through this with him. I've been a couple of days tryin' to work this out for him and if that's what he wants to do, fine. If he wants a trial, fine. |
| Court: | Mr. Soto, there's one person in charge here as to your entering this plea and that's you. My question is, are you doing this freely, voluntarily, and understandingly at this time? |
| Petitioner: | Understandingly, yes. |
| Court: | O.K. Are you doing this freely and voluntarily? |
| Petitioner: | Um – yes. |
| Court: | O.K. Now, again, do you have any complaints about the way you've been treated by the police, the prosecutor, or anyone else associated with this case as it relates to your decision to offer this plea today? |
| Petitioner: | Ah – that's kind of hard to answer. |
| Court: | No, it's very easy to answer. Do you have any complaints? |
| Petitioner: | Somewhat, yeah. |

| | |
|---|---|
| Court: | What are your complaints? |
| Petitioner: | It's just there was no evidence, no DNA but yet still, according to my lawyer, I woulda lost anyways based on testimony alone. |
| Court: | Testimony is evidence. |
| Petitioner: | But with no physical evidence? |
| Court: | Testimony is evidence. Now Mr. Goodwin has given you his best advice. . . . He can only give you his advice. |
| Petitioner: | That's what I'm goin' along with right now. |
| Court: | It's your – and it's your decision to accept it or reject it. My question is, do you wish to go forward with your plea? |
| Petitioner: | Yes. |
| Court: | All right. Thank you. Now, are you satisfied at this time that this is in your best interests then? |
| Petitioner: | Yeah. I hope so. Yeah. |

Id. at pp. 9-11.

Having reviewed the plea hearing transcript in its entirety, the Court finds that Petitioner's struggle regarding his plea stemmed from a belief that it was inherently unfair that the potential existed for him to be convicted of the charged offense absent any physical evidence; rather than from any coercion. The decision to enter a plea is a difficult one fraught with many emotions. If a defendant's conflicted feelings alone were considered sufficient to render a plea involuntary, the entire plea process would be rendered unworkable. It is the rare criminal defendant who does not suffer some anguish, agitation, and stress as a result of being charged with a crime and anticipating an impending trial. Even if this Court was inclined to permit Petitioner to withdraw his guilty plea, such is not the standard applied in habeas corpus proceedings. The Court

9

cannot say that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent. Therefore, Petitioner is not entitled to habeas relief on this ground.

## B. Sentencing Claim

In his second claim, Petitioner argues that habeas relief should be granted because the trial court failed to state a substantial and compelling reason for exceeding the sentencing guideline range and that there was no finding beyond a reasonable doubt that he committed the offense as alleged.[3] This claim also fails. As noted above, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also* McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); Welch v. Burke, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Thus, this claim is not cognizable on federal habeas review.

Next, Petitioner argues that there was no finding beyond a reasonable doubt that he committed second-degree criminal sexual conduct. This argument also fails. A no contest or guilty plea waives a defendant's right to have all elements of the offense proven beyond a reasonable doubt. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

---

[3]Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines.

Petitioner also alleges that the sentencing court violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 543 U.S. 296, 303-05 (2004), because it was based upon facts not proven beyond a reasonable doubt. Petitioner fails to identify what allegedly improper facts were relied upon by the trial court. Moreover, "<u>Blakely</u> does not apply to Michigan's indeterminate sentencing scheme." <u>Tironi v. Birkett</u>, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007).

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED.

SO ORDERED.

    s/Avern Cohn  
    AVERN COHN  
    UNITED STATES DISTRICT JUDGE

Dated: December 13, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Luis Soto, 306998, Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 on this date, December 13, 2007, by electronic and/or ordinary mail.

    s/Julie Owens  
    Case Manager, (313) 234-5160